**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DANIEL EDUARDO CORAL MANSLAVE

Petitioner,

v. No. 2:26-cv-02824-KG-LF

WARDEN OF OTERO COUNTY
PROCESSING CENTER, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Daniel Eduardo Coral Manslave's Petition for a Writ of Habeas Corpus ("Petition"), Doc. 1, the Government's Motion to Dismiss Petition for Writ of Habeas Corpus ("Motion to Dismiss"), Doc. 6, and Petitioner's Reply, Doc. 8. For the reasons below, the Court denies the Petition.

***I. Background***

Petitioner is a native and citizen of Venezuela who entered the United States on or about September 24, 2022. Doc. 1 at 11. When Petitioner entered the United States' border near Mexicali, California, he was processed by immigration authorities. *Id.* He was subsequently released on parole and relocated to Florida where he applied for asylum in 2023. *Id.* Petitioner also obtained employment authorization and entered the hospitality industry. *Id.* On July 15, 2026, Petitioner appeared at an Immigration Customs Enforcement ("ICE") appointment and was detained by ICE agents. *Id.* at 12-13. He was initially detained at an ICE Office for several days. *Id.* at 13. Petitioner was later transferred to a detention facility in Krome, Floria on or about July 17, 2026. *Id.* On July 25, 2026, Department of Homeland Security ("DHS") transferred Petitioner to the Otero County Processing Center in Chapparal, New Mexico. *Id.*

Petitioner received two custody redetermination hearings pursuant to 8 C.F.R. § 1236. On July 27, 2026, Petitioner appeared before Immigration Judge ("IJ") Rene Mateo for a custody redetermination hearing. Doc. 1 at 36-37. IJ Mateo denied Petitioner's bond request after concluding he was a "flight risk." *Id.* at 36. On August 13, 2026, a different IJ similarly denied Petitioner's request for a change on the following grounds: "Flight Risk-Manner of Entry, Speculative form of Relief." *Id.* at 34-35.

Petitioner filed his Petition with the Court on August 26, 2026 seeking (1) immediate release, or, in the alternative, (2) "a prompt and meaningful individualized bond hearing." Doc. 1 at 21. As grounds for his requested relief, Petitioner alleges that his continued detention violates the Fifth Amendment Due Process Clause because his confinement is not reasonably necessary to serve its asserted purpose. *See* Doc. 1 at 15-16. He further contends that the continued characterization of himself as a flight risk fails to account for his history of compliance, present circumstances, and concrete release plan. *Id.* at 17-19. Respondents filed a Motion to Dismiss the Petition. Doc. 6.

## *II. Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." The "provision

mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *1 (D.N.M. Nov. 14, 2025). By contrast, Section 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

Federal courts lack jurisdiction to review an IJ's discretionary decision to deny bond:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e); *cf.* 8 C.F.R. § 1003.10(a) (noting that IJs are appointed by the Attorney General to "act as the Attorney General's delegates in the cases that come before them").

## *III. Analysis*

As an initial matter, it appears that 8 U.S.C. § 1226 governs Petitioner's detention as he received custody determination hearings. *See* § 1226(a). These hearings are not available to noncitizens if they are detained by DHS pursuant to § 1225(b). *See Pu Sacvin,* 2025 WL 3187432 at * 1. The Court further declines to grant relief because Petitioner received two separate individualized custody determinations.

Petitioner received the due process he is entitled to under the statute governing his detention, § 1226. *See Cortez-Gonzalez v. Noem*, 811 F.Supp.3d 1287, 1298 (D.N.M. 2025) (concluding petitioner detained pursuant to § 1226 was entitled to a bond hearing and continued detention without such review was an ongoing violation of due process rights); *Mieles-Parraga v. Bondi*, No. 2:26-cv-00646-KG-JHR, 2026 WL 776489, at *2 (D.N.M. March 19, 2026) (ruling petitioner's detention absent a bond hearing violated the Fifth Amendment Procedural Due

Process Clause). Each IJ found that Petitioner was a flight risk at the two hearings. Doc. 1 at 34-37. This Court cannot review an IJ's fact-based determination that a person is not entitled to release following a custody determination hearing. A district court may not review an IJ's discretionary custody determination. *See* 8 U.S.C. § 1226(e). As such, the Court may not review the IJ's factual findings regarding flight risk, nor can it review the IJ's application of those findings to make custody determination.

Petitioner asserts that he is not requesting the Court reconsider the IJs' discretionary conclusions. Doc. 8 at 2. He also contends that this Court should determine whether his continued detention is lawful and consider his "actual history of compliance, absence of criminal history and dangerousness, pending immigration proceedings, stable release plan, sponsor, community ties, and the availability of reasonable conditions capable of ensuring my appearance without continued incarceration." *Id.* Petitioner wishes the Court to assess the same information presented to the IJs and replace their discretionary judgment with its own. The Court declines to do so as it is bound by the jurisdictional limits of § 1226(e).

***IV. Conclusion***

For the reasons above, Court denies the Petition, Doc. 1, without prejudice.

IT IS SO ORDERED

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.